██ In the Matter of PIL J. LEE, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [968 NYS2d 233]—

Per Curiam. Respondent was admitted to practice by this Court in 2003. He maintained an office for the practice of law in Los Angeles, California.

By decision dated February 21, 2013, respondent was suspended pursuant to 22 NYCRR 806.4 (f), upon a finding that he was guilty of professional misconduct immediately threatening the public interest (*Matter of Lee*, 103 AD3d 1026 [2013]). This finding was based on respondent's admission of guilt to the conduct underlying a petition of charges, which, among other things, involved misleading petitioner and knowingly providing fabricated documentation to a client, ostensibly from the United States Citizen and Immigration Services agency.

Now, having granted petitioner's motion for an order declaring that no factual issues are raised by the pleadings and having reviewed respondent's submissions in mitigation, we find him guilty of professional misconduct as charged in the petition and as admitted by respondent. Specifically, respondent neglected a client matter and engaged in fraudulent conduct prejudicial to the administration of justice (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3, 8.4 [c], [d]).

In mitigation, respondent expresses remorse for his misconduct and discloses certain mental health issues, for which he is undergoing treatment. He also submits a number of letters attesting to his good character and reputation in the community. Notably, the client whose complaint led to the instant proceeding has made a favorable submission on respondent's behalf, indicating that respondent, ultimately, performed the service for which he was retained. In aggravation, we note that respondent received a letter of admonition in February 2012 for similar misconduct.

Under all of the circumstances presented, we conclude that, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for one year. Further, in addition to demonstrating compliance with this Court's rule on reinstatement of attorneys (*see* 22 NYCRR 806.12), any reinstate-

ment application by respondent shall also be supported by a medical report indicating his capacity to resume the practice of law.

Lahtinen, J.P., Spain, McCarthy and Egan Jr., JJ., concur. Ordered that respondent is found guilty of professional misconduct as set forth in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to continue to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).